IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FREDDIE FERRELL,                             )
                                             )
        Plaintiff,                           )
                                             )
        v.                                   )          CASE NO. 3:21-cv-148-JTA
                                             )
KILOLO KIJAKAZI,                             )
Acting Commissioner of Social Security,[1]   )
                                             )
        Defendant.                           )

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Opposed Motion for Entry of Judgment under Sentence Six

of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant filed by the Commissioner

of Social Security ("Commissioner") on September 1, 2021.  (Doc. No. 15.)   In his

Memorandum in Support of his Motion, the Commissioner states remand is appropriate

under sentence six to remedy a procedural defect in the agency proceedings.  (Doc. No. 16

at 3.)

Sentence six of 42 U.S.C. § 405(g) provides that this court "may, on motion of the

Commissioner of Social Security made for good cause shown before the Commissioner

files the Commissioner's answer, remand the case to the Commissioner of Social Security

for further action . . . ."  *See* 42 U.S.C. § 405(g).  Sentence six specifically contemplates

that a court "may . . . order additional evidence to be taken before the Commissioner of

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi, the acting
Commissioner of the Social Security Administration, for Andrew Saul, the former Commissioner.

Social Security, but only upon a showing that . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." *Id.*  *See also Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991).

The Court agrees that irregularities in the recording process for Plaintiff's hearing before the administrative law judge constitute cause for remand in this case and require a new hearing and decision.  (Doc. No. 16 at 3-4.)  Moreover, Plaintiff does not oppose the motion.  (*See* Doc. No. 18.)  Further, pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge.  (Docs. No. 11, 12.)

Accordingly, it is hereby

ORDERED as follows:

1.  The Commissioner's motion (Doc. No. 15) is GRANTED.

2.  The decision of the Commissioner is hereby REVERSED.

3.  This matter is hereby REMANDED to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).[2]

---

[2] "In a sentence-six remand, the statutory provision itself specifically requires the Commissioner to return to district court to file additional or modified findings of fact after the new evidence is heard.  Because the parties must return to district court after the remand proceedings to file the Commissioner's findings of fact, the district court retains jurisdiction over the case throughout the remand proceedings.  Thus, unlike a sentence four remand, a sentence-six remand is not a final judgment under the EAJA, and the window for filing an EAJA fee application does not open until judgment is entered in the district court following completion of the remand proceedings." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996) (citations omitted) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98-99, 102 (1991)).

DONE this 9th day of September, 2021.

_Jerusha T. Adams_

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE