IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| FREDDIE F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-148-JTA |
| | ) | (WO) |
| LEE DUDEK, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pursuant to 42 U.S.C. § 405(g), Plaintiff Freddie F. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Plaintiff's application for Supplemental Security Income ("SSI"). The Court construes Plaintiff's memorandum in opposition (Doc. No. 35) as a motion for summary judgment and the Commissioner's memorandum in support of the Commissioner's decision as a motion for summary judgment (Doc. No. 38). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 11, 12.)

---

[1] Lee Dudek became the Acting Commissioner of Social Security on February 19, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

After scrutiny of the record and the motions submitted by the parties, the Court finds Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.    PROCEDURAL HISTORY AND FACTS

Plaintiff is an adult[3] male with two years of college education and prior work experience in the trucking industry. (R. 54, 415, 477.)[4] He alleged a disability onset date of June 16, 2018, due to a broken femur, shattered kneecap, broken bones in his wrist and screws in his leg, a skin graph on his right leg and arthritis. (R. 12, 115, 362, 414, 420, 476, 483.)

On August 30, 2018, Plaintiff filed an application for SSI under Title XVI of the Social Security Act. (R. 29, 362-368.) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's request for benefits in a decision dated July 20, 2020. (R. 78-93.) Plaintiff requested review by the Appeals Council, and it denied review. (R. 72-74.) Thus, the hearing decision became the final decision of the Commissioner.[5]

---

[3] Plaintiff was 25 years old on the date the application was filed. (R. 28.)

[4] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 33.)

[5] *See* 42 U.S.C. § 405(g); *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted) ("Where an ALJ denies benefits and the Appeals Council denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (internal quotations and alterations omitted)).

On February 19, 2021, Plaintiff filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) In September 2021, the Commissioner filed a motion to remand under sentence six of 42 U.S.C. § 405(g), because of irregularities in the recording process for Plaintiff's hearing, and the Court granted the motion. (Docs. No. 15, 19.) The Court reversed the decision of the Commission and remanded the action for further proceedings. (Doc. No. 19.)

After remand by the Appeals Council,[6] the ALJ held another hearing (R. 39-71), and issued another unfavorable decision (R. 9-30). The Appeals Council again denied review. (R. 1-3.) Hence, the second hearing decision became the final decision of the Commissioner. The Court reopened this case. (Doc. No. 26.)

The parties have briefed their respective positions. (Docs. No. 35, 38, 41.) This matter is ripe for review.

## II.     STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than

---

[6] Plaintiff filed a second SSI application. (R. 12.) The Appeals Council ordered the ALJ to consolidate Plaintiff's applications, associate the evidence and issue a new decision on the consolidated applications. (R. 12.)

a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for SSI must prove that he is disabled. *See* 20 C.F.R. § 416.912(a). The Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.920(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. § 416.920(a). The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.920(a). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 416.972(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. (*Id.)* Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.909(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the

claimant's ability to work despite his impairments. 20 C.F.R. § 416.920(e). The ALJ must

determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §

416.920(f). If it is determined that the claimant is capable of performing past relevant work,

then the claimant is not disabled. 20 C.F.R. § 416.920(f). If the ALJ finds the claimant is

unable to perform past relevant work, then the analysis proceeds to the fifth and final

step. 20 C.F.R. § 416.920(e).

In this final analytical step, the ALJ must decide whether the claimant is able to

perform any other relevant work corresponding with his RFC, age, education, and work

experience. 20 C.F.R. § 416.920(g). Here, the burden of proof shifts from the claimant to

the ALJ in proving the existence of a significant number of jobs in the national economy

that the claimant can perform given his RFC, age, education, and work experience. 20

C.F.R. §§ 416.912(g), 416.960(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.

1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the

national economy which, given the claimant's impairments, the claimant can perform.").

To determine the existence of other jobs which the claimant can perform, the ALJ may rely

on the testimony of a vocational expert ("VE"). *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d

1176, 1180 (11th Cir. 2011).

## IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found Plaintiff

had not engaged in substantial gainful activity since the application date. (R. 15.) The ALJ

determined Plaintiff suffers from the following severe impairments that significantly limit

his ability to perform basic work activities: obesity and residuals of healed right upper

extremity and right lower extremity fractures. (*Id.*) Nevertheless, the ALJ concluded

Plaintiff does not have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart

P, Appendix 1. (*Id.*) The ALJ explained:

> The undersigned has considered the claimant's impairments singly and in
> combination and finds that the claimant has not satisfied the requirements of
> any listed impairment. No physician or specialist indicated that the
> claimant's impairments meet or medically equal a listed impairment. No
> evidence has been submitted that would support a finding that the claimant
> has an impairment or combination of impairments severe enough to meet or
> equal a listing.

(R. 15.)

After consideration of the record, the ALJ determined Plaintiff has the RFC to

perform sedentary work, with the following limitations:

> [Plaintiff] is able to lift and carry 10 pounds occasionally and 10 pounds
> frequently. [He] is able to sit for 6 hours total. [Plaintiff] is able to stand and
> walk for 2 hours total and for no more than 30 minutes at one time. [He] can
> never climb ladders, ropes, and scaffolds. [He] can never kneel or crawl with
> the right lower extremity. [Plaintiff] is able to occasionally perform all other
> postural activities.

(R. 15–16.) In determining the RFC, the ALJ found Plaintiff's statements regarding the

intensity, persistence, and limiting effects of his symptoms are "not entirely consistent"

with the medical evidence and other evidence of record. (R. 24–25.) Considering Plaintiff's

RFC, his education, his lack of past relevant work, and other jobs that exist in the national

economy, the ALJ found that Plaintiff is not disabled under the Social Security Act. (R. 28-

30.)

## V.    DISCUSSION

Plaintiff presents one argument in this appeal. (Doc. No. 35 at 2.) Plaintiff argues the ALJ erred by failing to order a medical consultative exam. (*Id*.) Plaintiff avers the medical record did not provide the ALJ with sufficient, adequate evidence to make an informed decision about Plaintiff's physical limitations. (*Id*. at 12.) Specifically, Plaintiff argues because there were insufficient medical records between March 2019 and March 2021 and no medical records after August 2021, the ALJ erred by failing to order a medical consultative exam. (*Id*. at 11–12.)

The Commissioner responds remand is unwarranted because there was sufficient evidence in the record and Plaintiff failed to show how the evidentiary gaps in the record resulted in unfairness or clear prejudice. (Doc. No. 38 at 5.)

Because Social Security hearings are inquisitorial, rather than adversarial, an ALJ "has a basic obligation to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1277 (11th Cir. 2003) (quotations omitted); *see also Ingram*, 496 F.3d at 1269. To help develop a full record, the ALJ may order a consultative examination. *See* 20 C.F.R. § 404.1519a(b); *Doughty*, 245 F.3d at 1281. A consultative examination may be required when there are inconsistencies in the evidence or when the evidence is insufficient to make a determination. 20 C.F.R. § 404.1519a(b). An ALJ is not required to order a consultative examination "as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram*, 496 F.3d at 1269 (citing *Doughty*, 245 F.3d at 1281). Further, the "ALJ's obligation to develop the record does not relieve the claimant of the burden of

proving [he] is disabled." *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (citing *Ellison*, 355 F.3d at 1276).

First, the Court finds the ALJ had ordered one consultative examination and was not required to order another one. The record clearly indicates that Angela Foster, CRNP, completed a consultative examination on January 22, 2022, when the case was on remand. (R. 1137-1144.) The ALJ found the consultative exam unpersuasive. (R. 26.) The ALJ explained that, while "Ms. Foster examined [Plaintiff, and] [h]er opinion is somewhat explained and supported by the notes of the examination, … her notes contain some inconsistencies, such as noting that [Plaintiff] ambulated with no assistance and that he required crutches, along with noting no difficulty getting on and off the examination [table]." (R. 26.) The ALJ further explained Ms. Foster's "opinion is inconsistent with observations when [Plaintiff] was recently in the emergency department in the time prior to her examination . . . . [and] Plaintiff also testified that he could lift up to 30 pounds." (*Id*.) The administrative record supports this finding. For example, Plaintiff disconcertingly testified on June 30, 2022, that he had returned to crutches "for a while[,]" that he "still ha[s] to wear the crutches[,]" and he only uses one crutch for ambulation (R. 46, 56.) Plaintiff's mere disagreement with the ALJ's assessment of Ms. Foster's opinion does not warrant a second consultative evaluation. *See Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 723 (11th Cir. 2014) (stating the ALJ was not required to order an additional consultative examination because the record was sufficient and the plaintiff's "disagreement with the interpretation of that evidence does not warrant a remand"). Further, the ALJ had a "basic obligation to develop a full and fair record." *Ellison*, 355 F.3d

at 1277. The ALJ met this obligation by ordering the consultative examination by Ms. Foster. The ALJ's determination that the consultative examination was unpersuasive did not necessitate a second consultative examination. Hence, the ALJ did not err.

Second, the ALJ thoroughly considered Plaintiff's testimony and the medical records for the relevant period, and the records contained sufficient evidence for the ALJ to make an informed decision. There are two large groupings of medical records: (1) records from June 2018 to March 2019, when Plaintiff underwent multiple surgical procedures related to an ATV accident, and (2) records from March 2021 to August 2021, when Plaintiff saw various doctors for knee or foot pain. Plaintiff argues the ALJ did not have sufficient evidence to determine the extent of his leg injuries due to the nearly two-year gap in the medical records. (Doc. No. 41 at 4.) However, as the ALJ noted, this gap in medical records suggests an improvement in Plaintiff's condition during this time period. (R. 21.) Additionally, in August 2021 two doctors recommended Plaintiff follow-up with his orthopedic surgeon, Dr. Morrell, to address knee pain. (R. 1088, 1136.) There is no record of a follow-up with Dr. Morrell, again indicating an improvement in Plaintiff's condition.

Plaintiff implausibly relies on the Eleventh Circuit's decision in *Reeves v. Heckler* to support his position that the ALJ erred by not ordering an additional consultative exam. (Doc. No. 35 at 11; Doc. No. 41 at 4.) In *Reeves*, the Eleventh Circuit noted it is reversible error for an ALJ not to order a consultative exam when such an examination is necessary to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984). In that case, a consulting doctor with the Social Security Administration recommended the

plaintiff be examined by an orthopedist, but the ALJ failed to order such an examination. *Id*. at 522. Here, no other medical professional recommended an additional consultative examination. In addition, the Eleventh Circuit has explained an ALJ does not need to order a consultative examination where the record was sufficient for a decision. *See Ingram*, 496 F.3d at 1269; *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999); *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014); *Good v. Astrue*, 240 F. App'x 399, 404 (11th Cir. 2007).

Third, even if the ALJ did err by failing to order another consultative examination, Plaintiff has not shown how he was prejudiced by such a failure. Remand for further development of the record is appropriate only when "the record reveals evidentiary gaps which result in unfairness or clear prejudice to the claimant." *Stinson v. Kijakazi*, 565 F. Supp. 3d 1219, 1228–1229 (M.D. Ala. 2021) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)). It is Plaintiff's burden to show prejudice. *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 154–155 (11th Cir. 2021). Prejudice requires "a showing that the ALJ did not have all of the relevant evidence before him in the record" or "did not consider all of the evidence in the record in reaching his decision." *Kelly v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985). Plaintiff has not met this burden. To the extent Plaintiff believes additional medical evidence would have changed the outcome of this case – though he does not make clear what evidence that might be – he failed to obtain it, failed to provide any justification as to why he did not or could not obtain it, and failed to demonstrate that the current medical evidence of record was insufficient to support the ALJ's disability determination. *See Townsend v. Comm'r of Soc. Sec.*, 555 F. App'x 888, 891-92 (11th Cir. 2014) (no prejudice shown because claimant did not suggest what more

the ALJ may have learned from the additional evidence). Consequently, the Court finds

sufficient evidence supported the ALJ's determination and a second consultative evaluation

was unnecessary. The Court finds no reversible error.[7]

## VI.    CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported

by substantial evidence and is in accordance with applicable law. Therefore, it is

ORDERED as follows:

1.  Plaintiff's motion for summary judgment (Doc. No. 35) is DENIED.

2.  The Commissioner's motion for summary judgment (Doc. No. 38) is
    GRANTED.

3.  The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 10th day of March, 2025.

 

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[7] In his reply, Plaintiff avers for the first time there was unfairness in the evaluation of his RFC because the VE testified there would be no jobs in the national economy Plaintiff could perform if he had to elevate his leg while seated. (Doc. No. 41 at 3–4.) Plaintiff also avers, for the first time in his reply, the ALJ had insufficient evidence to determine whether his RFC should include a limitation to elevating his leg while seated. (Doc. No. 41 at 4.) But these arguments are untimely; a party cannot raise an argument for the first time in a reply brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). The Court does not consider these arguments.